## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| **BOBBY LAMAR FAIRCLOTH, SR.,**<br>**AS EXECUTOR OF THE ESTATE OF**<br>**BOBBY LAMAR FAIRCLOTH, JR.,** | §<br>§<br>§<br>§ | |
| **Plaintiff** | §<br>§<br>§ | |
| **v.** | §<br>§ | **CASE NO. _____** |
| **CHATHAM COUNTY SHERIFF'S**<br>**DEPARTMENT, JOSEPH GROSS,**<br>**ANDREAUX EVANS-MARTINEZ,**<br>**AND JOHN WILCHER,** | §<br>§<br>§<br>§<br>§ | |
| **Defendants** | §<br>§ | |

## COMPLAINT FOR DAMAGES

COMES NOW Bobby Lamar Faircloth, Sr., as Executor of the Estate of Bobby Lamar Faircloth, Jr., and brings this Complaint, showing to the Court as follows:

### Jurisdiction

1.

This action arises under the authority vested in the Court by virtue of Title 42 of the United States Code, Section 1983, and Title 28 of the United States Code, Sections 1331, 1343(3) and 1367.

### Venue

2.

Venue properly lies within this District and Division of the United States District Court where, as here, the operative conduct giving rise to the within described claim occurred herein.

Page 1

Parties

3.

Plaintiff Bobby Lamar Faircloth, Sr. (hereinafter "Faircloth, Sr.") was the father of Bobby Lamar Faircloth, Jr., deceased (hereinafter "Faircloth, Jr."). Faircloth, Jr. committed suicide in the Chatham County Jail as described below, and Faircloth, Sr. has been appointed Administrator of Faircloth, Jr.'s Estate as evidenced by the Letters of Administration issued by the Candler County Probate Court attached hereto as Exhibit "A".

4.

Since that time, John Wilcher has been elected Sheriff of Chatham County, Georgia, and, as such, is the responsible party to defend this action, which is brought against the Chatham County Sheriff in his official capacity.

5.

Joseph Gross (hereinafter "Gross") was at all times pertinent hereto employed as a jail guard with the Chatham County Sheriff's Office. As a jail guard, Gross was responsible for following standard policies regarding the inspection of inmates, maintaining logs of regular inmate inspections, among other duties at the jail. Gross acted under the color of state law during all times pertinent to the complaint.

6.

Andreaux Evans-Martinez (hereinafter "Martinez") was at all times pertinent hereto employed as a jail guard with the Chatham County Sheriff's Office. As a jail guard, Martinez was responsible for following standard policies regarding the

inspection of inmates, maintaining logs of regular inmate inspections, among other duties at the jail.  Martinez acted under the color of state law during all times pertinent to the complaint.

## Factual Allegations

### 7.

Faircloth, Jr. was being held in the Chatham County Jail on August 6, 2015 to answer charges pending against him in the Chatham County Superior Court.

### 8.

While at the jail, Faircloth, Jr. told other inmates, including but not limited to, Inmate Walker, that he was going to kill himself.  This was reported to Chatham County Jail guard, Joseph Gross.

### 9.

Despite the report of Faircloth, Jr.'s threat to kill himself, Chatham County Jail guards did nothing to prevent Faircloth, Jr.'s suicide.

### 10.

Not only did jailers Joseph Gross and Andreaux Evans-Martinez not follow the Chatham County Jail suicide protocols, they did not even follow standard policies regarding the inspection of inmates, and Joseph Gross falsified a log stating that regular inmate inspections had been conducted.  Martinez was on duty when Faircloth, Jr. committed suicide.

11.

The above described actions caused jailers Joseph Gross and Andreaux Evans-Martinez to be terminated from their jobs at the Chatham County Jail.

12.

The policies and procedures in effect at the Chatham County Jail as of August 6, 2015 required that inmates who pose a threat of self harm be placed in isolation and that a jail officer conduct in-person direct supervision of said inmate at regularly scheduled intervals of at least every fifteen (15) minutes.

13.

The policies and procedures in effect at the Chatham County Jail as of August 6, 2015 required that a permanent log be maintained by jail officials for each inmate who is placed in administrative separation or isolation.

14.

The policies and procedures in effect at the Chatham County Jail as of August 5, 2015 required that inmates who pose a threat of self-harm wear a suicide smock and that said inmates be prohibited from accessing any items which can be used to commit suicide, such as blankets, towels, and a shower curtain bar.  These policies were disregarded.

15.

Faircloth, Jr. was discovered unresponsive in his cell some time around 7:54 p.m. on August 6, 2015.  Faircloth, Jr. had hung himself on a vent inside the cell, using a jail-issued blanket.

16.

Faircloth, Jr. was pronounced dead at 2:40 p.m. on August 7, 2015.

17.

An autopsy conducted by the GBI on Faircloth, Jr. concluded that Faircloth, Jr. died as a result of suicide by hanging.

18.

Faircloth, Jr. succeeded in hanging himself because Gross and Martinez failed to follow the policies and procedures of the Jail which called for suicidal prisoners such as Faircloth, Jr. to be provided with a suicide smock and which called for the removal of items which could be used to commit suicide.

19.

Faircloth, Jr. died because Gross and Martinez failed to follow the policies and procedures of the Jail; they did not order that any direct in-person surveillance be conducted of Faircloth, Jr. or conduct such surveillance on their own.

20.

Faircloth, Jr. was not discovered until after he hung himself as indicated by Faircloth, Jr.'s condition. This delay in discovering Faircloth, Jr.'s hanging body would not have occurred had Gross and Martinez ordered/performed 15 minute checks on Faircloth, Jr. once they learned that Faircloth, Jr. threatened to kill himself.

21.

Gross and Martinez had knowledge of the Jail's policies and procedures regarding suicidal inmates and, as such, was responsible for insuring that the policies were followed.

22.

Suicide on the part of persons placed into a jail by law enforcement officers is a known risk of harm to inmates.

23.

Joseph Gross and Andreaux Martinez had a ministerial duty to order or otherwise take steps that would provide for Faircloth, Jr. being placed in an isolation cell where he would not have access to any items which posed or increased the threat of self-harm to Faircloth, Jr., such as towels, blankets and a shower curtain bar.

24.

They failed to do so.

25.

Joseph Gross and Andreaux Evans-Martinez had a ministerial duty to order that Faircloth, Jr. be placed in a suicide smock, or to place Faircloth, Jr. in a suicide smock on their own.

26.

They failed to do so.

27.

The failure by Gross and Martinez to perform their ministerial duties resulted in the death of Faircloth, Jr.

28.

The failure by Gross and Martinez to take any steps to safeguard Faircloth, Jr. in the face of the known risk of harm to him resulted in the death of Faircloth, Jr.

29.

At and before the time of Faircloth Jr.'s death, the federal law was clearly established that an individual in custody is protected by operation of the Eighth Amendment and/or the Fourteenth Amendment of the United States Constitution from deliberate indifference to known serious medical needs and that the risk of suicide, when known or reasonably known to the persons entrusted with the responsibility of custody, is such a serious medical need. "A prison that deprives prisoners of basic sustenance, including adequate medical care, is incompatible with the concepts of human dignity and has no place in civilized society." *Brown v. Plata,* 563 U.S. 493, 131 S. Ct. 1910, 1928 (2011).

30.

At or before the time of Faircloth, Jr.'s death, Gross and Martinez had fair warning that completely disregarding an inmate's threat of self-harm, comparing this threat to nothing more than a generalized grievance, and taking no action to protect this inmate from the threat of self-harm violated the Eighth and Fourteenth Amendments of the Constitution.

31.

Gross and Martinez had reason to know that Faircloth, Jr. represented a suicide risk.

32.

But for the conduct and deliberate indifference of Gross and Martinez, Faircloth, Jr. would not have committed suicide in the Chatham County Jail.

Causes of Action

33.

Gross and Martinez breached the duty arising by operation of the Eighth and Fourteenth Amendments of the United States Constitution by being deliberately indifferent in the course of failing to protect Faircloth, Jr. from the known risk of suicide/self-inflicted harm.

34.

The actions and inactions of Gross and Martinez violated Faircloth, Jr.'s affirmative rights as guaranteed by Georgia law to the protection against abuse while in custody, and the receipt of medical care.

35.

The actions and inactions of Gross and Martinez constituted a breach of their ministerial duties and subject Gross and Martinez to liability in their individual capacities for the injury resulting therefrom.

Damages

36.

The actions of Gross and Martinez proximately caused the loss of Faircloth, Jr.'s life.

37.

Gross and Martinez acted with a reckless and callous indifference to the federally protected rights of Faircloth, Jr. and are therefore liable for punitive damages so that Gross and Martinez are punished for their conduct and deterred from engaging in similar conduct.

## Prayer for Relief

On the basis of the foregoing, the Plaintiff respectfully demands a Jury Trial, and that this Court award the following relief from the Defendants:

(a)     Damages against Gross and Martinez in an amount appropriate to compensate for the full value of the life of Faircloth, Jr., without deduction for the necessities of life or funeral expenses;

(b)     Punitive damages against Defendants Gross and Martinez;

(c)     Whatever other damages or costs are recoverable under federal law, including attorneys' fees and costs of litigation;

(d)     Plaintiff demands a jury trial on all issues so triable; and

(e)     Such other and further relief as to this Court is deemed just and proper.

This 14th day of July, 2017.

/s/ J. Kendall Gross_____
J. Kendall Gross
Attorney for Plaintiff
Georgia Bar No. 313542

J. KENDALL GROSS, P.C.
Post Office Box 695
235 S. Lewis Street
Metter, Georgia 30439
912-685-4619
email: kendall@jkendallgross.com